635 So.2d 1289 (1994)
STATE of Louisiana
v.
Gregory HOYE.
No. 94-K-0445.
Court of Appeal of Louisiana, Fourth Circuit.
April 14, 1994.
*1290 Harry F. Connick, Dist. Atty., Michael S. Futrell, Asst. Dist. Atty., Paul Fleming, Student Practitioner, New Orleans, for relator.
Before BARRY, KLEES and WARD, JJ.
BARRY, Judge.
The State seeks review of the trial court judgment which grants the defendant's motion to suppress the evidence. We grant the writ in order to consider whether the State's argument has merit.
Officer Hebert testified that he and his partner were on patrol on December 4, 1993 and observed a black male standing on the corner of Elmira and Newton Streets "with a tall Budweiser can in his hand." Officer Hebert decided to stop because it was against the law to have an open container in public. The officers intended to issue a summons.
The defendant gave the name Terry Watts and the computer indicated no prior arrest; however, the defendant told the officers he had been previously arrested. The defendant admitted that he had given a bogus name. He had no I.D. but gave the officers his real name. The two officers felt the defendant would not show up for court if they issued a summons and they placed him under arrest for drinking out of an open container in public.
After placing the defendant under arrest and advising him of his rights, Officer Hebert searched him. Officer Hebert found a tube which was a crack pipe which had cocaine residue. The officer then advised the defendant of the additional charge.
The State argues that the defendant violated New Orleans Municipal Code § 42-96 which declares that it is unlawful for any person "to carry a drink from an opened glass or opened metal container in or on any public street or sidewalk in the City of New Orleans." The State contends the officers intended to issue a summons pursuant to Louisiana C.Cr.P. art. 211, however, they did not believe the defendant would appear because they were uncertain of his true identity. The State additionally argues that the defendant resisted arrest (Louisiana R.S. 14:108) because he gave a bogus name. After the arrest the officers searched him incidental to the arrest.
Louisiana R.S. 14:108 B(c) involves refusal by an arrested party to give his name and make his identity known to an arresting officer. Here the defendant had not been arrested when he gave a bogus name. The State is stretching the facts to argue a violation of R.S. 14.108.
In suppressing the evidence the trial court stated:
I don't feel that's any type of 215.1 [sic] somebody standing out with a beer can ... and if they don't have an I.D. [sic] is subject to be stopped by the police.... I think that people have a constitutional right to stand on the corner in that type of area with a beer can and not have to be subjected to police intrusion.
Under these facts we agree with the ruling of the trial court. The judgment granting the motion to suppress is affirmed.
AFFIRMED.