JjKLEES, Chief Judge.
On December 16, 1999, the State filed a bill of information charging the defendant with one count of possession of cocaine. He was arraigned and entered a not guilty plea on December 28, 1999. Testimony was taken in connection with the motion to suppress evidence on January 12, 2000. The trial court recessed the matter so that the parties could file memoranda. On Jan *919 uary 20, 2000, the trial court granted the motion.
FACTS
Officer Mark McCourt of the N.O.P.D. Fifth District was the only witness at the January 12, 2000 hearing. He testified that, on November 30, 1999 at approximately 7:15 p.m., he and his partner Officer Stephen Creeble observed the defendant standing at the corner of Forstall and North Johnson. The defendant had an open metal container of beer in his hand. The defendant appeared intoxicated in that he “was stumbling around” although Officer McCourt stated that the defendant was stopped because of the open container. The officers intended to issue a summons to the defendant; however, when he could not produce any identification, he was placed under arrest. The citation issued to the defendant was for “open metal container and for public intoxication”. In a search incidental to the arrest, the officer found crack cocaine in a matchbox in the defendant’s pocket and residue in a burned glass pipe.
On cross-examination, Officer McCourt stated that the defendant was just standing and holding the metal container from the time the officers first saw him from less than a block away. During the entire time the officers observed the defendant, all the defendant did was hold the container. When questioned | ^.regarding his testimony on direct that the defendant was “milling about,” the officer explained that what he meant by “milling” was that the defendant was “£j]ust standing around, hanging out on the corner” When questioned as to what made the officer believe the defendant was intoxicated, Officer McCourt replied, “Well, the - the basis for our stop was the open metal container.”
There was no redirect examination.
DISCUSSION
On January 20, 2000, the trial court granted the motion to suppress evidence on the grounds that the officers had no right to approach the defendant solely for an open container violation.[1] The trial court based its ruling on State v. Hoye, 94-0445 (La.App. 4 Cir. 4/14/94), 635 So.2d 1289. In Hoye, the defendant stood on a corner and held a beer can. The officers intended to issue a summons to the defendant. The defendant gave the officers a false name. Believing that the defendant would not appear in court if given a summons, the officers arrested the defendant. Incident to that arrest, they searched the defendant for weapons and found a crack pipe containing cocaine residue. The defendant was arrested and advised of the additional charge. The trial court granted defendant’s motion to suppress the evidence finding that the stop was not justified pursuant to La.C.Cr.P. art. 215.1, stating: “[Pjeople have a constitutional right to stand on the corner in that type of area with a beer can and not have to be subjected to police intrusion.” Hoye, p. 2, 635 So.2d at 1290. This Court agreed with the trial court’s ruling “[ujnder these facts.” Id.
| sIn its ruling in the instant case, the trial court applied Hoye but did note that it was unaware of additional jurisprudence involving the case and did not know if it was being applied in the district courts. Nevertheless, the trial court followed Hoye and stated that it would “await further review and further instructions from the Louisiana Fourth Circuit Court of Appeal, as to whether or not this jurisprudence remains as it has basically undisturbed, as I appreciate it, in the law of Louisiana.”
The trial court is correct that there is essentially no jurisprudence involving Hoye. Recently, in State v. Tyler, 98-1667 (La.App. 4 Cir. 11/24/99), 749 So.2d 767, this Court acknowledged the existence of Hoye (erroneously referred to as Noye) in a footnote but stated that it should be strictly limited to its facts.
*920 In Tyler, officers observed the defendant and some other people standing in front of a store on a corner; at least one of the group was drinking a bottle of beer. The officers stopped their car to advise the men that they were violating a municipal ordinance. When the officers exited their vehicle, Tyler and another person in the group made sudden movements and quickly moved to a car parked in front of the store. The driver of the car leaned into it and reached under the seat. Tyler was on the passenger side of the vehicle. The police officers were concerned for their safety, believing that the driver might be reaching for a weapon. In discussing the validity of the stop of the defendant Tyler, this Court stated:
The police officers had lawful cause to stop Tyler’s companion, who was observed drinking from and/or carrying an open glass container in violation of the City’s open container ordinance. Nevertheless, mere association with someone whom police lawfully stop is insufficient to furnish a reasonable suspicion that the individual is committing, has committed, or is about to commit a crime.
| ¿Tyler, p. 6, 749 So.2d at 771. This Court ultimately concluded that, for their safety based on the actions of the defendant’s companion, the officers were justified in ordering the defendant away from the vehicle. However, there was no basis for a frisk of the defendant Tyler, who had not made movements as if he had a weapon; furthermore, during the frisk, the police officer removed a cigarette pack from the defendant’s pocket, opened it, and removed a crack pipe. Because the State had failed at the motion hearing to show that this search was justified under an exception to' the warrant requirement, this Court found that the trial court erred when it denied the motion to suppress evidence.
Although Tyler appears to mandate a finding that the officers’ approach of the defendant in the instant case was lawful, it should be noted that it is distinguishable from this ease and Hoye in one important regard. The police officers in Tyler testified that they were investigating a hotline complaint of drug activity at the corner where they approached the defendant and his companions because of the open container violation. In contrast, in this case as in Hoye, the defendant was apparently subjected to police intrusion solely because he was holding a beer can, although after the stop, the officers apparently also determined that the defendant should be given a citation for intoxication.
In its writ application, the State acknowledges that in Hoye a person’s right to stand on a street corner with an open beer can was recognized. However, the State argues that other courts have disagreed. The State cites to State v. Leary, 627 So.2d 777 (La.App. 2 Cir.1998), writ denied 93-3187 (La.3/25/94), 635 So.2d 237, where police officers were checking on an area known as a “hot corner” due to drug activity, alcohol consumption, shootings, and loitering where no loitering signs had been post by the property owners. The defendant, who was drinking | sfrom a bottle in a brown paper bag, was stopped by officers for violating the Shreveport municipal ordinance prohibiting consumption of alcohol on any public street, sidewalk or on property zoned for package liquor sales. In upholding the stop of the defendant, the court noted:
The Shreveport Police [sic] routinely check “hot corners” for unlawful conduct and developments which could lead to violence. As part of this routine patrol, the police attempt to identify anyone violating the city ordinance prohibiting public drinking. Strict policing of the public drinking ordinance helps prevent disorderly conduct and violent confrontations associated with alcohol consumption. Curbing this type behavior undoubtedly aids in the prevention of drug trafficking, shootings and other violent crimes.
Leary, 627 So.2d at 780.
Whatever the merits of the Second Circuit’s appreciation of the utility of strict *921 enforcement of the ordinance involving public consumption of alcohol, strict enforcement of such an ordinance in New Orleans is not the issue. The ordinance in this city prohibits carrying any open metal or glass container on a street or sidewalk, as well any area open to the public within certain areas of the city such as the French Quarter; alcohol is not a relevant factor under the ordinance. Therefore, the State’s reliance on Leary appears misplaced.
This court is unable to distinguish the behavior of Hoye from the defendant in this case. Officer McCourt clearly testified that the defendant was stopped because he was holding an open container while standing around on the corner. There was no testimony here that the defendant was observed drinking or that there was any information of any illegal conduct such as drug activity in the area. Even when Hoye is limited to its facts, as Tyler stated it should be, it appears that Hoye controls this case.
Accordingly, the ruling of the trial court is affirmed.
AFFIRMED.

. See Section 54-404 of the Municipal Code of the City of New Orleans which provides in pertinent part:
(a) It shall be unlawful for any person to carry or drink from any opened glass or opened metal container in or on any public street or sidewalk in the city.