782 So.2d 704 (2001)
STATE of Louisiana
v.
T. Otis James ANDRUS.
No. KA00-1427.
Court of Appeal of Louisiana, Third Circuit.
March 28, 2001.
Robert Vines, Assistant District Attorney, Iberia Parish, New Iberia, LA, Counsel for Appellee, State of Louisiana.
*705 Edward K. Bauman, Louisiana Appellate Court Project, Lake Charles, LA, Counsel for Appellant, T. Otis James Andrus.
Court composed of THIBODEAUX, COOKS, and GREMILLION, Judges.
COOKS, Judge.
T. Otis James Andrus appeals as excessive his seven year sentence for distribution of cocaine. For the following reasons, we vacate defendant's sentence and remand the case for resentencing.

FACTS AND PROCEDURAL HISTORY
On July 7, 1994, the defendant, T. Otis James Andrus, sold a rock of crack cocaine for $20.00 to an undercover police officer in New Iberia, Louisiana. Defendant was arrested and charged with distribution of cocaine, in violation of La.R.S. 40:967(A). Defendant entered a plea of guilty as charged and was sentenced to serve four (4) years at hard labor.
The State filed a Motion to Reconsider and Correct Sentence, alleging defendant's sentence was illegally lenient as the minimum sentence provided by statute is five (5) years at hard labor. The trial court corrected the illegal sentence by increasing defendant's sentence to seven years at hard labor. Defendant filed a pro se Motion to Reconsider Sentence and Motion for Out of Time Appeal which were denied by the trial court.
Defendant then sought writs with this court. After reviewing the Motion to Reconsider Sentence, we denied writs, but granted defendant's Motion for Out of Time Appeal. Defendant then sought to represent himself on appeal. This court remanded the case to the trial court for an affirmative showing on the record that defendant was informed of the dangers and disadvantages of self-representation and that he made an intelligent and voluntary waiver of counsel. After an evidentiary hearing, the trial court ordered defendant to report to the Indigent Defender Office and return with appointed counsel. The Louisiana Appellate Project eventually was appointed to assist defendant with his appeal.

ANALYSIS
Defendant argues the sentence imposed by the trial court was cruel, unusual and excessive. Defendant also complains the trial court erred when it considered the hearsay testimony of Officer Thaddeus Robinson and incorrectly stated that defendant sold the rock of cocaine in a school zone.
Although the trial court was authorized to set aside the previously imposed sentence of four years at hard labor as the minimum sentence that could be imposed was five years at hard labor, its discretion in resentencing the defendant is not unbridled. In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the United States Supreme Court examined the trial court's authority to impose a harsher sentence the second time around when a defendant is again convicted.
In Pearce, the Court noted neither the double jeopardy provision nor the equal protection clause prohibits the trial court from imposing a more severe sentence. However, the Court held the due process clause protects a criminal defendant from receiving a harsher sentence upon reconviction as a penalty for exercising his right to attack the original conviction. The Court stated:
[W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so *706 must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.
Id. at 726, 89 S.Ct. at 2081 (emphasis added).
In State v. Jenkins, 451 So.2d 1142 (La. App. 3 Cir.), writ denied, 456 So.2d 1018 (La.1984), this court found the underlying principals articulated in Pearce have equal application to instances where only the original sentence, and not the conviction, is successfully attacked.
The penalty imposed by the trial court on resentencing is more severe than that originally imposed and exceeds the statutory minimum he was required to give. The trial court gave the following reasons at resentencing:
BY THE COURT:
Mr. Andrus, stand there, sir. Mr. Andrus, I recognize that you have learned the error of your ways, and I believe that you are contrite up to a point. The fact that you're in your community, and I believe Exhibit OneLet me say for the record. It's a very compelling document signed by people from your own neighborhood who cheered your arrest and the arrest of your brother. I find, I believe Mr. Robinson's testimony that you had ongoing drug activity even after you were arrested, but I further want to state for the record I do not believe that you alone were a one man drug wave in the community.
You do say, and I've read the Boykin where you admit that you did sell crack that day in the location suggested. Okay. Mr. Haney, at page 22, stated, "Your Honor, agents with the Iberia Parish Sheriffs Department working in an undercover operation had someone under control and jurisdiction"Well, that was Mr. Darby. Also, for Mr. Andrus, "Mr. Andrus was selling crack cocaine sold to an undercover officer with some crack cocaine. In exchange, Andrus received money for the sale; that occurring in Iberia Parish." That's page 23.
The record indicates that was a one rock transaction; is that right?
BY MR. ANDRUS [Defendant]:
Yes, sir.
BY THE COURT:
The continuing criminal activity after you were arrested bothers me a lot. I have to weigh that with the fact that you did cooperate, and the notes indicate that you did in a Federal investigation; is that right?
* * * * *
BY MR. HANEY:
... [I] would sit here and certify the defendant did not cooperation, [sic] but the only thing he did was say I got from Mr. LaSalle on one occasion, one slab, and I sold it only one time. If that's his version of cooperation, the State cannot certify that that's cooperation.
BY THE COURT:
Unfortunately, the State does not have, and I don't want to put you on the stand, Mr. Haney, does not have sufficient evidence on that level, but I would say that the crime is severe enough that the sentence, a new sentence will be imposed. There is no question about that. I'm telling you in all candor and humility that I certainly made a mistake of law, and I don't know how that occurred other than there were multiple *707 defendants that day. I'm here quite properly to correct an illegal sentence as pointed out by the District Attorney's office.
By the same token, the only conviction I have is for a first offense distribution. Because of your criminal activity, you're going to have to spend time in jail. It's the sentence of this Court you spend seven years at hard labor, credit for time served. You have three years in which to file for post-conviction relief, Mr. Andrus.
Mr. Andrus, seems to me you're an intelligent guy, and I don't know where your brother is. But I will tell you this much, in the City of New Iberia and in the 16th Judicial District, there is zero tolerance for drugs and the war on drugs is just getting started with the cops, District Attorney, all law enforcement. So you got to take that message back.
Mr. Frank, I want to thank you very much. Nobody is happy with the sentence I've imposed. I am mindful of his youth, and there might be some chance that this young man can get out of prison, get on parole, and then perhaps engage in some meaningful life activity. Do something positive for your community.
But it's this kind of activity that this letter indicatesIt was '94. It's going to take people in every neighborhood to report drug deals and to get this poison out of our community, ...
Thank you very much, sir.
BY MR. FRANK:
Thank you, Judge.
The trial judge candidly admitted he made a mistake of law when he sentenced defendant to a sentence one year below the minimum period required. Now, rather than increase defendant's sentence to the statutory minimum of five years, the trial judge increased the sentence to seven years. Defendant, thus, has been penalized for the trial judge's mistake. Perhaps the trial judge's decision to leapfrog the minimum term would satisfy the dictates of Pearce if he had mentioned anywhere in his original reasons for sentencing that he believed defendant's crime mandated more than the minimum. However, no such declaration was made by him. From our review of the record, we can only assume the testimony of Officer Thaddeus Robinson (which defendant contends was hearsay) and a petition compiled by members of a neighborhood watch program (which defendant argues influenced the trial judge to erroneously conclude he sold drugs in a school zone) led the trial judge to impose the harsher sentence. The testimony was elicited and the petition was submitted at resentencing. The record contains no evidence presented at the original sentencing hearing which could justify the harsher sentence as required by Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, and we therefore remand the case for resentencing.
SENTENCE VACATED AND REMANDED FOR RESENTENCING.