hSUSAN M. CHEHARDY, Judge.
On May 8, 2003, the Jefferson Parish District Attorney filed a bill of information charging defendant, Anthony Darens-bourg, with one count of distribution of cocaine, in violation of La. R.S. 40:967(A), and one count of distribution of counterfeit cocaine, in violation of La. R.S. 40:967(A)(2). On May 9, 2003, defendant was arraigned and entered a plea of not guilty.
On August 14, 2003, defendant waived his right to a jury trial. That day, the State proceeded to trial against defendant on count one of the bill of information, distribution of cocaine.[1] The trial judge found defendant guilty as charged.
On October 8, 2003, the trial judge sentenced defendant to twenty years at hard labor without the benefit of parole, probation or suspension of sentence. That same day, the State filed a multiple bill of information alleging defendant to be a fourth felony offender. Defendant denied the allegations of the multiple offender |3bill. Finally, defendant filed a motion for appeal, which was granted by the trial court on October 8, 2003.[2]

*535
Facts

On November 12, 2002, Agent Allen James of the Jefferson Parish Sheriffs Office was working undercover on the Westbank of Jefferson Parish in the Nell Court area of Terrytown. Agent James was driving a vehicle that was equipped with video recording equipment.
That afternoon at about 4:30 p.m., Agent James approached a black male and asked for “two twenties.” The man told Agent James to “hold one,” left the area, and then returned with two rocks of cocaine. The man, later identified as defendant, gave Agent James the two rocks of cocaine and took $40.00 from Agent James. The transaction was videotaped and played at trial.
Approximately two and a half weeks after the transaction, Agent James identified defendant in a photographic lineup. At trial, Agent James identified defendant as the person that sold him the cocaine.
In his only assignment of error, defendant argues that the trial court erred in allowing the State to re-open its case after the State rested. Defendant specifically | ¿argues that the trial court erred in allowing the State to introduce evidence after the prosecutor stated, “I believe the State would rest now....” Defendant maintains he was entitled to a directed verdict because the State rested without introducing the cocaine, which was necessary to prove an element of the crime. Defendant contends the trial court did not have the discretion to reopen the State’s case after it has rested.
After the State’s last witness testified, the prosecutor stated: “Your Honor, I believe the State would rest now — I’m sorry, we would first offer, introduce into evidence State’s Exhibits 1, 2, 3 & 4. And then we would rest.” The trial judge allowed the evidence to be admitted. Defense counsel then objected and moved for a directed verdict on the basis “that the evidence was not admitted prior to her resting.” The trial court denied defendant’s motion for a directed verdict. The trial judge, noting that no part of defendant’s case had begun, stated that he had the discretion to allow the State to introduce evidence and noted that the State requested that the evidence be introduced before defendant began his case.
Under La.C.Cr.P. art. 765(5), the trial court possesses the discretion to reopen the evidence at any time before closing arguments and allow additional evidence to be taken. State v. Dauzart, 99-3471 (La.10/30/00), 769 So.2d 1206, 1208; State v. Celestine, 443 So.2d 1091, 1096 (La.1983), cert. denied, 469 U.S. 873, 105 S.Ct. 224, 83 L.Ed.2d 154 (1984). There is no legal prohibition against the State reopening its case to submit additional evidence as long as it does so before closing arguments. State v. Matthis, 00-0219 (La. App. 4 Cir. 11/29/00), 775 So.2d 558, 563, writ denied, 00-3552 (La.11/9/01), 801 So.2d 358, citing State v. Pickrom, 31,987 (La.App. 2 Cir. 5/5/99), 732 So.2d 800.
In brief, defendant relies on State v. Collier, 438 So.2d 652 (La.App. 2 Cir.1983), in support of his position that the trial court cannot allow the State to reopen its case to prove an essential element of the offense charged after the State rests. In | sCollier; the State presented two witnesses but did not offer any evidence with respect to the existence of a dedicated or recorded subdivision. The State rested at which time the defense moved for a judgment of acquittal asserting the State failed to prove an essential element of the offense and specifically pointed out its deficiency. The State then moved to reopen the case to offer additional evidence. The trial court allowed the State to reopen its case at which time the State introduced *536 the subdivision plat. Our brethren on the Second Circuit Court of Appeal held “that it is error to allow the State to reopen its case in a bench trial to prove an essential element of the offense charged after the State has closed, and after the defendant has moved for a judgment of acquittal.” Id. at 655.
Conversely, in State v. Hight, 35,621 (La.App. 2 Cir. 3/1/02), 810 So.2d 1250, 1258, writ denied, 02-1181 (La.11/22/02), 829 So.2d 1036, the Second Circuit found no error when the trial court allowed the State to present additional testimony after it had rested. In Higkt, the State indicated it would rest and then immediately asked the trial court about putting on one more item of testimony from a police officer. The Second Circuit found defendant was not prejudiced by the reopening of the State’s case. The court explained that the State had rested only momentarily before reopening its case and the defense’s first witness had not yet been called for questioning.
Defendant’s reliance on Collier is misplaced. We find that, like Eight, the State rested only momentarily before its case was reopened for additional evidence and defendant had yet to move for a judgment of acquittal. Based on the foregoing, we find that the trial court did not abuse its discretion in allowing the State to introduce evidence after it rested.
Finally, we have reviewed the record for errors patent, according to La. C.Cr.P. art. 920. Defendant was sentenced to twenty years without the benefit of parole, probation or suspension of sentence for the distribution of cocaine, a | ¿violation of La. R.S. 40:967(A). The penalty for a violation of La. R.S. 40:967(A) ranges from two to thirty years of imprisonment, but only the first two years is without benefit of parole, probation or suspension of sentence. La. R.S. 40:967(B)(4)(b). Thus, the imposition of the entire sentence without benefit of parole, probation, or suspension of sentence was illegal.
Also, the transcript does not reflect that defendant was advised of the two-year prescriptive period for filing post-conviction relief as required by La.C.Cr.P. art. 930.8. State v. Miller, 02-729 (La.App. 5 Cir. 12/30/02), 836 So.2d 614, 618, writs denied, 03-0200 (La.10/10/03), 855 So.2d 326, and 03-0503 (La.10/10/03), 855 So.2d 329. Accordingly, we remand for re-sentencing in accordance with La. R.S. 40:967(B)(4)(b) and compliance with La. C.Cr.P. art. 930.8.

AFFIRMED AND REMANDED.

. Defendant was not tried for distribution of counterfeit cocaine, which was count two of the bill of information, on August 14, 2003. Further, the record is unclear as to the status of that charge. Importantly, that charge is not the subject of this appeal.

. In its appeal brief, the State notes that defendant's motion for appeal, which was filed after original conviction and sentence but before multiple offender adjudication, may be premature, citing State v. Williams, 02-852 (La.App. 5 Cir. 1/29/03), 839 So.2d 348, 357, citing, State v. Balser, 96-443 (La.App. 5 Cir. 11/14/96), 694 So.2d 351, 354. We note that this case is in a different procedural posture than Williams. In this case, the record does not reflect that a hearing has been held on the multiple offender bill of information. In State v. Gilbert, 99-2338 (La.2/4/00), 758 So.2d 779, 779-780, the Louisiana Supreme Court held that:
An appellate court ... may not dismiss a timely and properly filed appeal on grounds that the district court may vacate sentence and resentence the defendant on a pending multiple offender bill under La. R.S. 15:529.1. La.C.Cr.P. art. 916(8) vests jurisdiction in the district court to resentence the defendant as a multiple offender despite a pending appeal and thereby allows for prompt disposition of all issues related to punishment not only in the district court but also in an appellate court which otherwise has jurisdiction over the case. If the court of appeal has notice of a pending multiple bill and wishes to avoid piecemeal litigation, it may delay disposing of the appeal, direct the district court to expedite the hearing on defendant's multiple offender status, and, if necessary, exercise its authority under La.C.Cr.P. art. 914.1(C) to designate additional portions of the proceedings below as part of the appellate record for review, at any time before finality of its decision on the merits. La.C.Cr.P. art. 922.
See also State v. Simmons, 00-1037 (La.App. 5 Cir. 2/28/01), 781 So.2d 821, 826-827.