NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-799

STATE OF LOUISIANA

VERSUS

TODD VINCENT EDWARDS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 04-1111
HONORABLE LORI LANDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED AS AMENDED.

John B. Calmes, Jr., Attorney at Law
2335 Government Street
Baton Rouge, LA 70806
Counsel for Defendant-Appellant:
    Todd Vincent Edwards

Jeffrey J. Trosclair, Assistant District Attorney
Sixteenth Judicial District
St. Mary Parish Courthouse
Franklin, LA 70538
Counsel for Appellee:
    State of Louisiana

**PAINTER, Judge.**

Defendant, Todd Vincent Edwards, appeals his sentence as a habitual offender.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 18, 2005, Defendant, Todd Vincent Edwards, was convicted of possession of cocaine greater than 28 grams but less than 200 grams within 1,000 feet of a drug free zone, second or subsequent offender, and transactions involving proceeds from drug offenses. He was sentenced on December 12, 2005, to serve ten years at hard labor on count one and to five years at hard labor on count two. The sentences were ordered to run concurrently. The State filed a multiple offender bill following sentencing, and Defendant appealed. *See State v. Edwards*, 06-850 (La.App. 3 Cir. 6/13/07), 963 So.2d 419. On the previous appeal, this court vacated Defendant's conviction and sentence for possession of more than 28 grams, but less than 200 grams, of cocaine within 1,000 feet of a drug free school zone, second or subsequent offense, and entered a conviction for the offense of possession of more than 28 grams, but less than 200 grams, of cocaine, and remanded the matter to the trial court for sentencing on that conviction. Additionally, the conviction and sentence for transactions involving proceeds from a drug offense were overturned, as this court found that there was insufficient evidence to support the conviction. *Id*.

On October 9, 2006, while Defendant's appeal was pending before this court, Defendant was arraigned on the multiple offender bill. On October 30, 2006, Defendant filed a "Motion to Quash Multiple Offender Bill of Information," which was granted by the trial court on January 25, 2007. The trial court found that the delay between the filing of the multiple offender bill and action thereon by the State was unreasonable under the circumstances. The State then filed an application for writ of supervisory review with this court. *State v. Edwards*, an unpublished writ opinion bearing docket number 07-226 (La.App. 3 Cir. 8/15/07).

A second multiple offender bill was filed on June 18, 2007. On August 15, 2007, this court issued the following ruling regarding the State's application for writ of supervisory review:

1

**WRIT DENIED:** Information obtained indicates the State filed a new multiple offender bill on June 18, 2007. Accordingly, the State's writ is denied as moot.

A second "Motion to Quash Multiple Offender Bill of Information" was filed on August 28, 2007.

On September 5, 2007, the trial court sentenced Defendant to serve seven years at hard labor for possession of more than 28 but less than 200 grams of cocaine. The trial court then denied the motion to quash. Defendant subsequently entered a denial to the multiple offender bill.

On June 25, 2008, the State filed an amended multiple offender bill, and Defendant entered a denial thereto.[1] The second motion to quash was also denied. The State then put on evidence regarding the multiple offender bill, and the trial court took the matter under advisement.

On December 16, 2008, Defendant reurged his motion to quash, which was again denied by the trial court. The trial court then found Defendant to be a second felony offender pursuant to La.R.S. 15:529.1 and sentenced him to serve thirty years at hard labor and to pay a fine of $25,000 plus court costs. A motion to reconsider sentence was filed on December 22, 2008, and was denied on January 5, 2009.

Defendant appealed and is now before this court asserting two assignments of error wherein he contends that the trial court erred in denying his motion to quash the second multiple offender bill and erred in sentencing him to an excessive sentence. We find that the trial court did not err in denying the motion to quash. Further, we find that the thirty-year sentence is not excessive. However, for the reasons that follow, we find that the trial court erred in imposing a fine of $25,000.00 and amend

---

[1]The second multiple offender bill listed the following predicate offenses:

1) illegal use of a weapon - convicted on November 2, 1992;
2) possession of cocaine - convicted on February 1, 1993;
3) possession of more than 28 grams, but less then 200 grams of cocaine - convicted on May 18, 2005.

The bill was amended to reflect that Defendant was convicted of possession of cocaine on November 2, 1992.

2

the sentence to delete the fine and instruct the trial court to amend the sentencing minutes to reflect the amendment.

## DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After a thorough review of the record, we find that there is one error patent concerning Defendant's sentence and that the sentencing minutes require correction.

In sentencing Defendant as a habitual offender, the trial court imposed a $25,000.00 fine, which we find was beyond its authority. In *State v. Dickerson*, 584 So.2d 1140, 1140 (La.1991)(per curiam), the supreme court held in pertinent part:

> La.Rev.Stat. 15:529.1 requires that the sentencing judge vacate the original sentence and resentence the defendant as a multiple offender. In resentencing, the judge must impose a sentence authorized by La.Rev.Stat. 15:529.1. That statute does not authorize the imposition of a fine, but only provides for enhanced sentences relating to the term of imprisonment. The trial judge was therefore without authority to impose a fine on resentencing under La.Rev.Stat. 15:529.1.

> Accordingly, the fine and default provisions of defendant's sentence are deleted.

*See also*, *State v. Thomas*, 95-1646 (La.App. 3 Cir. 5/8/96), 680 So.2d 37.

We, therefore, amend Defendant's sentence to delete the $25,000.00 fine and instruct the trial court to make an entry in the court minutes to reflect the amendment.

We further find that the sentencing minutes are in need of correction. According to the sentencing minutes, the trial court ordered Defendant to pay "cost of court." The transcript of sentencing, however, does not indicate that the trial court imposed court costs. Thus, we find that the minutes of sentencing should be corrected to accurately reflect the sentence set forth in the transcript. *State v. Strange*, 06-497 (La.App. 3 Cir. 9/27/06), 940 So.2d 819, *writ denied*, 06-2611 (La. 5/18/07), 957 So.2d 150.

3

*Motion to Quash*

In his first assignment of error, Defendant contends that the trial court erred in denying the second motion to quash the multiple offender bill.

Regarding the second multiple offender bill, Defendant asserts the following:

> Thus, the second habitual offender bill of information filed by the state in this matter is based totally and completely on two convictions previously litigated. With regards to the illegal use of a firearms charge, the trial court in granting defendant's [first] motion to quash ruled that the state could not proceed with the first habitual offender petition. With regards to the second charge, possession of cocaine, the court of appeals reversed defendant's conviction in so far as the enhancement provision provided, therefore, denying the effects of the cocaine conviction on defendant's sentence.
>
> It is submitted that since these predicate offenses had previously been determined unusable by the state, one at the trial level and one at the appellate level, these prior court rulings should be deemed "the law of the case" and any further attempted use of these offenses should be barred.

Defendant further argues that the State's actions in including two enhancement provision in the original multiple offender bill, filing the first multiple offender bill immediately after he was sentenced, appealing the trial court's granting of his motion to quash the first multiple offender bill and abandoning that appeal after the court of appeal's ruling on his appeal, and using two offenses in the second multiple offender bill that had been "disallowed by the court" shows a pattern of vindictiveness that warrants the granting of his motion to quash.

In his second motion to quash, Defendant asserted claims of prosecutorial vindictiveness. He also claimed that his prior convictions were invalid because he was not represented by counsel and failed to waive his rights or that he did not voluntarily waive his rights, the two convictions listed in the multiple offender bill were obtained on the same date, and imposition of sentence under La.R.S. 15:529.1 constituted cruel and unusual punishment.

In his motion to quash, Defendant did not allege that use of his two prior convictions was barred because they had been found to be "unusable." As this issue was not first raised in the trial court, it should not be considered by this court. *State v. Schneider*, 07-943 (La.App. 3 Cir. 4/2/08), 981 So.2d 107, *writ denied*, 08-942 (La.

4

12/12/08), 997 So.2d 558. However, we will address Defendant's claim of prosecutorial vindictiveness.

> The defendant bears the burden of proving prosecutorial vindictiveness. *State v. Darensbourg*, 06-572 (La.App. 5 Cir. 12/27/06), 948 So.2d 1128. In determining whether there has been prosecutorial vindictiveness, the court examines the state's actions in the context of the entire proceeding. *Id.* If, to a reasonable mind, the filing of the habitual offender bill can only be explained by a desire to deter or punish the defendant's exercise of legal rights, the events in the case will create a presumption of vindictiveness. *Id.*
>
> The district attorney has the discretionary power to charge a defendant under the habitual offender law just as he has the initial unlimited power to prosecute "whom, when, and how" he chooses. *State v. Dorthey*, 623 So.2d 1276, 1279 (La.1993); LSA-C.Cr.P. art. 61. The district attorney's use of the habitual offender laws "provides an ancillary sentencing factor designed to serve important and legitimate societal purposes." *State v. Orange*, 02-711 (La.App. 1 Cir. 4/11/03), 845 So.2d 570, 578, *writs denied*, 03-1352 (La.5/21/04), 874 So.2d 161, and 03-2195 (La.7/2/04), 877 So.2d 137. The use of the habitual offender law alone does not create a presumption of prosecutorial vindictiveness. *Id.*

*State v. Dauzart*, 07-15, p. 6 (La.App. 5 Cir. 5/15/07), 960 So.2d 1079, 1084-85.

At the hearing on the motion to quash held on September 5, 2007, the trial court denied the motion, finding that the State had the right to file the multiple offender bill and noting the first multiple offender bill was not quashed due to the timeliness of the filing of the bill.

On June 25, 2008, the trial court again denied the motion to quash finding no vindictive prosecution by the State. The trial court further noted that it did not feel the Sate was penalizing Defendant based on his appeal because "day one they said we're going after this guy for habitual offender, and day one they did."

As noted above, Defendant was initially charged as a second or subsequent offender and, on appeal, that portion of Defendant's conviction was vacated as a non-crime based on this court's ruling in *State v. Ruiz*, 06-30, 05-1098, 05-1261 (La.App. 3 Cir. 5/24/06), 931 So.2d 472. This court's opinion was rendered on June 13, 2007.

The State filed its first multiple offender bill on the date that Defendant was sentenced, December 15, 2005. However, it did not take action on the bill until Defendant was arraigned on October 9, 2006. On January 25, 2007, the trial court

5

quashed the multiple offender bill, finding that the dely between the filing of the bill and action thereon by the State was unreasonable. The State sought review of that ruling in this court on February 26, 2007. However, a second multiple offender bill was filed on June 18, 2007, and this court denied the State's writ application on August 15, 2007.

A motion to quash was filed on August 28, 2007, and was denied on September 5, 2007. The State amended the multiple offender bill on June 25, 2008, and the motion to quash was again denied.

From our review of the record, it is apparent that the State has attempted to have Defendant sentenced as a second or subsequent offender from the outset of the case. Thus, we find that Defendant cannot prove that the State's filing of the second multiple offender bill shortly after this court's ruling on his appeal and the amendment of the multiple offender bill thereafter amounts to prosecutorial vindictiveness. Accordingly, we find that this assignment of error lacks merit.

*Excessiveness of Sentence*

In his second assignment of error, Defendant contends that the trial court erred in sentencing him to an excessive sentence.

> To constitute an excessive sentence, the penalty must be grossly disproportionate to the severity of the crime or be nothing more than needless imposition of pain and suffering. *State v. Howard*, 414 So.2d 1210 (La.1982). Additionally, the trial court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *Id*. Thus, the question before this court is not whether imposition of another sentence would be more appropriate, but whether the trial court abused its discretion. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Lee*, 08-456, pp. 6-7 (La.App. 3 Cir. 11/5/08), 996 So.2d 1217, 1221-22.

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00); 766 So.2d 501.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Defendant was convicted of possession of cocaine greater than 28 grams but less than 200 grams and was adjudicated a second felony offender pursuant to La.R.S. 15:529.1. That offense is punishable by a term of imprisonment of fifteen to thirty years. Defendant was sentenced to serve thirty years at hard labor.

At the sentencing hearing, the trial court noted that Defendant was thirty-five years old at the time of the commission of the offense and showed a continual pattern of criminal behavior. The trial court then stated that Defendant had not taken advantage of "the previous attempt to correct his life style. He is clearly the type of individual that this statute was enacted to deter." Further, in its written reasons for sentencing, the trial court noted that Defendant had been adjudicated a juvenile delinquent on April 22, 1985, for illegal use of a weapon and simple burglary and had been involved in criminal activity since he was fifteen years old. Additionally, much of his criminal activity involved dangerous weapons and crimes of violence.

Defendant asserts that he was initially sentenced to serve ten years at hard labor for possession of cocaine greater than 28 grams but less than 200 grams within 1,000 feet of a school zone, second or subsequent offense. On remand for sentencing on the lesser offense of possession of cocaine greater than 28 but less than 200 grams, he was sentenced to seven years at hard labor. Defendant contends that his current sentence, which he received after a successful appeal, was three times the sentence imposed upon him after the original conviction.

In support of his argument that his sentence is excessive, Defendant cites *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072 (1969), *overruled in part by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201 (1989), in which the Supreme Court held that the Due Process Clause of the Fourteenth Amendment prevented an increased sentence following a retrial if the increase in the sentence was motivated by vindictiveness against the defendant, because the fear of such retaliation would have a chilling effect on the defendant's exercise of his appeal rights. The court held

that, when a judge imposes a more severe sentence upon a defendant after a new trial, the reasons must affirmatively appear in the record and must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.

Defendant then cites *State v. Andrus*, 00-1427 (La.App. 3 Cir. 3/28/01), 782 So.2d 704, wherein this court found the defendant was unfairly penalized by the trial court's mistake at resentencing where the trial court admitted making a mistake of law when it originally sentenced the defendant to one year below the minimum period, but increased the sentence to two years over the minimum, absent mention at the original sentencing hearing of the trial court's belief that the defendant's crime mandated more than the minimum sentence or evidence which could justify such sentence.

We find that the case at bar is distinguishable from both *Pearce*, 395 U.S. 577, and *Andrus*, 782 So.2d 704, in that Defendant herein was not retried and that there was no error in the original sentence. It is clear from the record that the State intended from the outset to have Defendant's sentence enhanced pursuant to La.R.S. 15:529.1 and that his previous sentences were not enhanced pursuant to that provision.

In *State v. Johnlouis*, 09-235, pp. 22-3 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, 464-65, the defendant was convicted of possession of at least 28 but less than 200 grams of cocaine. He was adjudicated a second felony offender and sentenced to serve fifty years at hard labor. On appeal, he asserted that his sentence was excessive. This court discussed his sentencing claim as follows:

> In *State v. Allen*, 93-838 (La.App. 5 Cir. 5/31/94), 638 So.2d 394, *writ granted*, 94-1754 (La. 11/29/94), 646 So.2d 390, *writ recalled*, 94-1754 (La.3/16/95), 651 So.2d 1343, the court found a sentence of twenty years was not excessive for a second felony offender convicted for possession of at least 28 but not more than 200 grams of cocaine.
>
> Although, to some, the sentence received by the Defendant in the case at bar appears to be excessive in light of the case cited herein, the court notes the Defendant was on parole at the time he committed the offense at issue. Thus, this court finds the Defendant's sentence for

8

possession of at least 28 but not more than 200 grams of cocaine is not excessive.

Accordingly, we find this assignment of error to be without merit. Defendant's sentence of thirty years is not excessive.

## DECREE

The trial court is hereby instructed to correct the sentencing minutes to reflect the sentence set forth in the sentencing transcript as discussed above. Furthermore, we amend Defendant's sentence to delete the $25,000.00 fine imposed by the trial court. As amended, Defendant's sentence is affirmed. The trial court is ordered to make an entry in the court minutes to reflect the deletion of the fine.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.