# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1140

**STATE OF LOUISIANA**

**VERSUS**

**COURTNEY PAUL SAVOY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 288,660
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**OPINION ON REMAND**

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX
CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

**AFFIRMED.**

**James C. Downs**
**District Attorney - 9th Judicial District Court**
**Willard Trichel Armitage, Jr.**
**Assistant District Attorney - 9th Judicial District Court**
**P. O. Drawer 1472**
**Alexandria, LA 71309**
**Telephone: (318) 4473-6650**
**COUNSEL FOR:**
     **Plaintiff/Appellee - State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**Telephone: (337) 491-0570**
**COUNSEL FOR:**
     **Defendant/Appellant - Courtney Paul Savoy**

**Courtney Paul Savoy**
**David Wade Correctional Center**
**670 Bell Hill Road**
**Homer, LA 71040**

**THIBODEAUX, Chief Judge.**

Defendant was convicted of simple escape and sentenced to five years at hard labor, to run consecutively to an earlier sentence. This court vacated the conviction and sentence and remanded the matter. *State v. Savoy*, 08-1444 (La.App. 3 Cir. 6/3/09), 11 So.3d 1184. In the new trial, Defendant was again convicted of simple escape and sentenced to five years at hard labor, to run consecutively to his prior sentence. The State then filed a multiple offender bill. Defendant filed a motion to quash the multiple offender bill on June 24, 2010. The trial court denied the motion without comment on June 30, 2010. Defendant was adjudicated a third felony offender and sentenced to the maximum term of ten years at hard labor, to run consecutively to the earlier sentence.

Defendant appealed again; this court found his habitual offender sentence excessive and remanded the matter for resentencing. *State v. Savoy*, 10-1140 (La.App. 3 Cir. 5/11/11), 64 So.3d 457. The supreme court granted the State's writ and reinstated the trial court's ten-year sentence. *State v. Savoy*, 11-1174, 2012 (La. 7/2/12), __ So.3d __. The supreme court, however, also remanded the matter to this court for consideration of Defendant's *pro se* assignment of error of vindictive and selective prosecution on the multiple offender bill based on *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct 2072 (1969) and *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098 (1974).

Defendant's entire argument to this court is:

> Appellant argues that he was vindictavly [sic] and selectively prosecuted by a bill of information being filed charging appellant with being a third felony offender after being convicted of being a principal to the escape of Jacob Shaw who is a career offender and a sex offender but was not subject to a bill of information charging him with being a multiple offender and was in fact sentenced to minimum. Appellant contends the conviction for being a third felony offender should be vacated.

He offers no further argument, and he cites no authority for this contention.

The supreme court's opinion believed this court "found that defendant warranted a shorter term of imprisonment not because it found that the sentence he received was grossly disproportionate to the severity of the offense but because the punishment appeared grossly disproportionate to the sentence imposed on Jacob Shaw." *Savoy*, __ So.3d at __. Defendant's own argument makes the same comparison; he provides no support for his allegation other than to compare the filing of his multiple bill to the lack of a multiple bill against Shaw.

## LAW AND DISCUSSION

> The defendant bears the burden of proving prosecutorial vindictiveness. *State v. Darensbourg,* 06-572 (La.App. 5 Cir. 12/27/06), 948 So.2d 1128. In determining whether there has been prosecutorial vindictiveness, the court examines the state's actions in the context of the entire proceeding. *Id.* If, to a reasonable mind, the filing of the habitual offender bill can only be explained by a desire to deter or punish the defendant's exercise of legal rights, the events in the case will create a presumption of vindictiveness. *Id.*
>
> The district attorney has the discretionary power to charge a defendant under the habitual offender law just as he has the initial unlimited power to prosecute "whom, when, and how" he chooses. *State v. Dorthey,* 623 So.2d 1276, 1279 (La.1993); LSA-C.Cr.P. art. 61. The district attorney's use of the habitual offender laws "provides an ancillary sentencing factor designed to serve important and legitimate societal purposes." *State v. Orange,* 02-711 (La.App. 1 Cir. 4/11/03), 845 So.2d 570, 578, *writs denied,* 03-1352 (La.5/21/04), 874 So.2d 161, and 03-2195 (La.7/2/04), 877 So.2d 137. The use of the habitual offender law alone does not create a presumption of prosecutorial vindictiveness. *Id.*

*State v. Dauzart,* 07-15, p. 6 (La.App. 5 Cir. 5/15/07), 960 So.2d 1079, 1084-85.

Defendant cites nothing from the record to suggest prosecutorial vindictiveness or selectivity or establish the State's disingenuous motivation for filing the bill authorized by La.R.S. 15:529.1. Defendant's argument is merely that he was subjected to a multiple bill of information while Shaw was not.

2

Conversely, the record contains considerable evidence of Defendant's "extraordinary prior record by which he appears to have amassed considerably more than just 13 prior felony convictions in two separate proceedings conducted five years apart involving . . . 'remarkable versatility'" in the nature of the offenses. *Savoy*, __ So.3d at __. This evidence justifies the filing of the multiple offender bill on non-vindictive grounds.

Review of the record of Defendant's first trial indicates Defendant made a comment at his sentencing hearing that perhaps foreshadowed his vindictive prosecution claim. In a discussion with the trial judge, Defendant stated, "last week whenever I had come for the sentencing hearing it was brought to my attention that the State would agree not to multi bill me if I agreed not to appeal the sentence . . . Because the multi bill argument was brought up." However, at that time and since, Defendant has not offered any evidence to support his claim.

Anyone who has been convicted of a felony "shall be punished" as a multiple offender when he commits a subsequent felony in Louisiana. La.R.S. 15:529.1. The State was justified by statute in charging Defendant as a multiple offender, relying on its long list of prior felony convictions. What the State did or did not decide with regard to Shaw is immaterial to its legal prosecution of Defendant as a multiple offender.

Defendant's *pro se* claim of vindictive and selective prosecution lacks merit.

## CONCLUSION

For the foregoing reasons, Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

3