928 So.2d 761 (2006)
STATE of Louisiana
v.
Terry C. ROCHE.
No. 05-KA-237.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 2006.
Rehearing Denied May 17, 2006.
*762 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, Martin A. Belanger, Jr., Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellee.
Prentice L. White, Louisiana Appellate Project, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and CLARENCE E. McMANUS.
THOMAS F. DALEY, Judge.
Defendant, Terry Roche. appeals his conviction of possession of cocaine, a violation of LSA-R.S. 40:967(C). On appeal, he assigns the following errors:
1. The district court committed manifest error when it denied Roche's Motion to Suppress because the record overwhelmingly supports the fact that the arresting officer only stopped, detained and arrested Roche because he knew Roche had been arrested before for drug charges  not because Roche was drinking from an open container.
2. The district court's ruling, which denied Roche's Motion to Suppress, violated Roche's privacy rights because Roche was arrested for committing a minor misdemeanor infraction.
After thorough consideration of the evidence and applicable law, we affirm.

PROCEDURAL HISTORY
On March 10, 2004, the Jefferson Parish District Attorney filed a Bill of Information that charged Roche with possession of heroin in violation of LSA-R.S. 40:966(C) (count one) and possession of cocaine in violation of LSA-R.S. 40:967(C) (count two) on February 10, 2004. On the following day, defendant pled not guilty to these charges. On August 25, 2004, the trial court denied defendant's Motion to Suppress Evidence. Thereafter, on September 28, 2004, the Bill of Information was amended, and count one, possession of heroin, was nolle prossed. As such, only count two, possession of cocaine, in Case *763 No. 04-1684, is the subject of this appeal.[1]
Defendant waived his right to a jury trial. After a bench trial on September 28, 2004, defendant was convicted of possession of cocaine. Simultaneously, defendant was also found guilty on a drug paraphernalia charge.
In his brief, defendant requests that this Court reverse his conviction and sentence for possession of cocaine and possession of drug paraphernalia. However, this appeal concerns only Case No. 04-1684, possession of cocaine.[2] Possession of drug paraphernalia was separately charged in another Bill of Information. Defendant also argues in his brief that he should be permitted to withdraw his guilty plea to the instant charges in light of his Fourth Amendment violation. However, the possession of cocaine conviction, Case No. 04-1684, which is the subject of this appeal, resulted after a bench trial and not a guilty plea.
On November 18, 2004, defendant was sentenced on the possession of cocaine charge, under the proper case number of 04-1684, to imprisonment for 40 months with the Department of Corrections.[3]
The State filed a multiple offender Bill of Information on November 18, 2004, alleging defendant was a third felony offender and seeking to enhance his conviction in Case No. 04-1684, possession of cocaine. Defendant had previously been convicted and sentenced for distribution of cocaine and possession of cocaine.[4] On this same day, defendant admitted that he was a third felony offender as alleged, and the trial court accepted the admission. The trial judge found defendant to be a third felony offender, vacated defendant's original 40-month sentence and imposed the negotiated 40-month sentence with the Department of Corrections without benefit of probation or suspension of sentence.
On November 18, 2004, defendant filed a Motion for Appeal. On March 28, 2005, defense counsel filed an Anders[5] brief and a Motion and Order to Withdraw as Counsel of Record. This Court issued an Order on January 4, 2006, which denied defense counsel's motion and ordered defense counsel to submit a brief addressing the ruling of the trial court's denial of defendant's Motion to Suppress. The order removed the case from the January 9, 2006 docket and required that it be placed on *764 the next available docket. Defense counsel filed a brief on defendant's behalf on January 23, 2006.

FACTS
According to Officer Jerry Broome, a Gretna patrol officer, on February 10, 2004 at approximately 1:00 a.m., he observed four subjects standing in the front of 908 Cook Street, located in a high crime area, consuming alcohol out of beer cans. The officer knew defendant lived there because he had arrested him there several months before for possession of heroin. Officer Broome testified that he stopped and placed the four subjects under arrest for having open containers and handcuffed them for his safety, since he was outnumbered. The officer testified that he conducted a "pat-down" of defendant and located in his jean pocket a spoon, which had been burned on its bottom and contained a white residue, and a piece of cardboard with a white powdery substance on it in a small plastic bag. The residue on the spoon and cardboard were tested and both tested positive for illegal drugs.
Defendant was charged with having an open container in violation of Gretna Ordinance 16-124, and possession of heroin, cocaine, and paraphernalia. At the time of the field test, the officer thought he was using a heroin test on the spoon and a cocaine test on the cardboard, but the lab results revealed he was using two cocaine tests. Forensic scientist, Andrea Travis, testified at trial that the white powder on the spoon and the piece of cardboard both tested positive for cocaine.
At trial, Deborah McGinnis, one of the female subjects who was arrested, testified that they were not outside drinking that night, and the officer removed the spoon and cardboard from the house. Defendant also testified that he was not drinking beer with three other people when he was on the sidewalk in front of his house and the officer stopped and called him over. Defendant testified that he was arrested after being told there was a probation attachment issued for him. According to defendant, the officer searched him, found nothing, and then put him in the officer's car. He testified that the officer did not find the spoon and cardboard in his pocket. On rebuttal, Officer Broome denied going into the residence and again testified that the evidence was found on defendant's person.

ASSIGNMENTS OF ERROR NUMBER ONE AND TWO
Defendant challenges the legitimacy of his arrest, arguing that the officer used his minor infraction as a pretext to searching him and later arresting him for drug possession. Defendant argues he was stopped because of the officer's previous run-in with him and that the officer did not have probable cause to detain and arrest him for possession of illegal drugs. Further, defendant argues that his privacy rights were violated by the officer when he was purposefully detained, searched, and arrested for committing a minor offense of drinking from an open alcoholic beverage container while standing in front of his residence. As such, defendant argues that the objects seized from his person, including the test results from those objects, should have been suppressed since they were illegally obtained by the officer who violated his rights against unreasonable searches and seizures.
The State responds that the record establishes that the trial court's decision to deny the Motion to Suppress evidence was proper. It argues that defendant was lawfully stopped when the officer observed the open container municipal violation, citing Atwater v. City of Lago Vista, 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001) and LSA-C.Cr.P. art. 213. The State further argues that the evidence was lawfully *765 seized when the officer conducted a pat-down search for officer safety and that Louisiana courts have upheld protective pat-downs associated with a municipal stop. The State contends that the evidence did not result from a search incident to arrest.
Although defense counsel has separated this argument into two Assignments of Error, this Court treats both assignments together.
At the August 25, 2004 suppression hearing, Officer Broome stated that at first his intent was not to arrest defendant, but to issue him a summons for having the open container; however, he later agreed that when he got out of his car his intent was to arrest all four persons. Although Officer Broome stated that if defendant would have had nothing on his person, he would have been issued a summons, he claimed the reason he was under arrest was because of the open container. Officer Broome admitted that he could have given defendant a summons. At trial, Officer Broome testified that when he approached the subjects he "advised all four subjects they were under arrest and placed them in handcuffs." All were transported to the jail, where the two females were later released and issued summonses for the violation of the ordinance. The other male was arrested on a paraphernalia charge and on outstanding attachments.
Officer Broome was the only witness to testify at the Motion to Suppress hearing. Officer Broome's trial testimony was essentially consistent with his testimony from the suppression hearing, except, in addition, at trial Officer Broome clarified that he waited for assisting units before conducting a search on the subjects.
At the Motion to Suppress hearing, defendant argued that the arrest was a pretext and that the selective matter of arrest was offensive to the Fourth Amendment.
The Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures.[6] If evidence is derived from an unreasonable search or seizure, the proper remedy is to exclude the evidence from trial.[7] Warrantless searches and seizures are unreasonable per se unless justified by one of the exceptions to the warrant requirement.[8] The State bears the burden of proving the admissibility of evidence that is seized without a warrant.[9] Trial courts have great discretion when ruling on a Motion to Suppress.[10] As such, the ruling of a trial court on a Motion to Suppress will not be disturbed absent an abuse of that discretion.[11] In determining whether a Motion to Suppress ruling was correct, the court is not limited to the evidence adduced at the hearing on the motion, but may consider all pertinent evidence given at the trial of the case.[12]
*766 We find that Officer Broome did in fact arrest all four persons. He testified that it was his intent to arrest and that he in fact arrested defendant and his companions. In this instance, handcuffing is evidence of arrest beyond detention for an investigatory stop.
According to the City of Gretna, Louisiana, Code of Ordinances, Section 66-82 (Public consumption of alcoholic beverages prohibited), which was formerly designated as Section 16-124, provides, in pertinent part:

(a) On streets, etc. No drink with an alcoholic content may be consumed on the streets, sidewalks or neutral grounds of the city.
LSA-C.Cr.P. art. 213(1) authorizes a peace officer to arrest a person without a warrant when the person has committed a misdemeanor offense in the officer's presence and if the arrest is made immediately or on close pursuit.
LSA-C.Cr.P. art. 211 provides in pertinent part:
A. When it is lawful for a peace officer to arrest a person without a warrant for a misdemeanor, or for a felony charge of theft or illegal possession of stolen things when the thing of value is one hundred dollars or more but less than five hundred dollars, he may give a written summons[13] instead of making an arrest if all of the following exist:
(1) The officer has reasonable grounds to believe that the person will appear upon summons;
(2) The officer has no reasonable grounds to believe that the person will cause injury to himself or another or damage to property or will continue in the same or a similar offense unless immediately arrested and booked;
(3) There is no necessity to book the person to comply with routine identification procedures.
Defendant argues that LSA-R.S. 32:300, the statute for the most severe infraction for open containers, strictly prohibits the accused from being taken into custody for violating the open alcoholic beverage container statute. However, LSA-R.S. 32:300 is inapplicable to the present case because this statute involves the possession of alcoholic beverages in motor vehicles. Further, the officer did not rely on the State statute in the present case.
The State relies on Atwater v. City of Lago Vista, 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001). In that case, the United States Supreme Court held that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." Id. at 354, 121 S.Ct. 1536. "In doing so, that Court removed the need to balance the interests and circumstances involved in a particular situation upon finding probable cause for the arrest."
It is not clear whether the Louisiana Supreme Court has adopted Atwater, though it has tacitly followed it. In the recently decided State v. Sherman,[14] the *767 Louisiana Supreme Court cited with approval U.S v. Pratt, 355 F.3d 1119 (8th Cir.2004), which relied on Atwater, to hold that the warrantless search of defendant fell within the well established exception for a search incidental to arrest even though the defendant was not arrested for the offense for which probable cause existed.
Defendant relies on State v. Harris, 05-741 (La.App. 5 Cir. 8/26/05), 916 So.2d 284, in which this Court held that an officer's exercise of the discretion to arrest for a minor misdemeanor offense had to be reasonable, rather than arbitrary, and thus, in addition to probable cause to arrest, there must be circumstances requiring immediate arrest for an offense that the State customarily required only a summons. Harris is distinguishable, however, because LSA-C.Cr.P. art. 211.3 applies specifically to the offense of littering, and states that the peace officer shall issue a written citation or summons to the offender. Thus, under the particular facts of that case, the officer exceeded his authority by arresting Harris, rather than issuing him a summons, for littering.
The defendant cites State v. Hoye, 94-0445 (La.App. 4 Cir. 4/14/94), 635 So.2d 1289 for the proposition that "people have a constitutional right to stand [in front of their own home] with a beer can and not be subjected to police intrusion." However, Hoye is distinguishable because the Gretna and New Orleans "open container" ordinances differ in important ways. In New Orleans, the municipal ordinance creates a violation dependent on the type of container one drinks from; alcohol is not a relevant factor.[15] The Gretna ordinance clearly prohibits the consumption of alcoholic beverages in public, regardless of the type of container. And the court in Hoye did not include in the opinion other relevant facts such as the time of day the arrest was made, nor whether the area was high crime.
Accordingly, we find that Officer Broome had probable cause to arrest defendant for violation of Gretna's ordinance prohibiting public consumption of alcohol. The evidence sought to be suppressed was seized pursuant to a search following a lawful arrest. The Motion to Suppress was properly denied.

ERROR PATENT DISCUSSION[16]
Defendant was not properly advised regarding the time period in which to file for post conviction relief as per LSA-C.Cr.P. art. 930.8; the commitment and transcript are inconsistent. After defendant admitted that he was a third felony offender at the multiple bill proceedings, the trial judge stated that defendant had two years from the date this conviction became final to seek post conviction relief. After sentencing defendant as a multiple offender, the trial judge stated that defendant's Application for Post Conviction Relief must be filed within two years after his sentence becomes final. The commitment properly states that the prescriptive period runs from the time defendant's conviction and sentence become final. This Court has held that the failure to advise a defendant that the prescriptive period runs from the time his conviction and sentence become final renders the advisal incomplete. *768 State v. Grant, 04-341 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598 (Emphasis added). Accordingly, we remand with instructions for defendant to be properly advised of the time limitations in LSA-C.Cr.P. art. 930.8.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] It is noted that defendant was tried under Case No. 04-0529 for the possession of cocaine charge instead of the proper Case No. 04-1684. Further, the drug paraphernalia charge was tried under Case No. 04-0530 instead of the proper Case No. 04-1685. It is noted that actual Case No. 04-0529 involved one count of possession of heroin and one count of possession of cocaine. It appears that the count for possession of heroin was mistakenly nolle prossed on the wrong Bill of Information for 04-0529, but was reinstituted. Case No. 04-0530 involved a drug paraphernalia charge.
[2] It is noted that at the Motion to Suppress hearing, the State said that the motion involved Case No. 04-1684.
[3] The transcript reflects that this sentence was to run concurrently with the six-month sentence for possession of drug paraphernalia in Case No. 04-1685, also imposed that day.
[4] Defendant states in his brief that he admitted to being a third felony offender and cited cocaine and heroin possession, as well as possession of drug paraphernalia. It is unclear whether defendant admitted these are the predicate felonies of the multiple bill or whether these convictions were enhanced by the trial judge. Regardless, it appears that defendant is mistaken. The predicate felony convictions included a conviction for possession of cocaine and one for distribution of cocaine and only the possession of cocaine conviction in Case No. 04-1684 was enhanced by the trial court.
[5] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[6] State v. Boss, 04-457 (La.App. 5 Cir. 10/26/04), 887 So.2d 581, 585.
[7] Id.
[8] State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330, 335-336 (citations omitted).
[9] LSA-C.Cr.P. art. 703(D); State v. Haywood, 00-1584 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 574.
[10] State v. Long, 03-2592 (La.9/9/04), 884 So.2d 1176, 1179, cert. denied, 544 U.S. 977, 125 S.Ct. 1860, 161 L.Ed.2d 728 (2005)
[11] Id. at 1179
[12] State v. Washington, 00-1542 (La.App. 5 Cir. 2/14/01), 782 So.2d 639, 645, writ denied, 01-0940 (La.2/8/02), 807 So.2d 859 (citation omitted).
[13] "Summons" is defined by LSA-C.Cr.P. art. 208 as "an order in writing, issued and signed by a magistrate or a peace officer in the name of the state, stating the offense charged and the name of the alleged offender, and commanding him to appear before the court designated in the summons at the time and place stated in the summons."
[14] 05-0779 (La.4/4/06), 931 So.2d 286, 2006 WL 860652.
[15] This Court recognizes that Hoye was actually in violation of the New Orleans open container ordinance because he was drinking out of a metal can, which is clearly prohibited.
[16] LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).