960 So.2d 1079 (2007)
STATE of Louisiana
v.
Noel E. DAUZART.
No. 07-KA-15.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 2007.
*1082 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District Parish of Jefferson, Terry M. Boudreaux, Megan L. Gorman, Walter G. Amstutz, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Martin E. Regan & Associates, Martin E. Regan, Jr., Karla M. Baker, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellant.
Margaret S. Sollars, Attorney at Law, Louisiana Appellate Project, Thibodaux, Louisiana, for Defendant/Appellant.
Panel composed of Judges CLARENCE E. McMANUS, THOMAS F. DALEY and GREG G. GUIDRY.
CLARENCE E. McMANUS, Judge.
Defendant is appealing his second felony offender sentence. This is defendant's second appeal from his second conviction in this case. A brief history of the case reflects that defendant was charged by bill of information with three counts of armed robbery, in violation of LSA-R.S. 14:64. The matter subsequently proceeded to trial on two of the counts. After considering the evidence presented, the twelve person jury unanimously found defendant guilty as charged on the two counts. The trial judge sentenced defendant to sixty years at hard labor without benefit of parole, probation or suspension of sentence on each count, to run concurrently.
This Court, in State v. Dauzart, 99-730 (La.App. 5 Cir. 11/30/99), 749 So.2d 806, affirmed defendant's convictions and sentences. Thereafter, the Louisiana Supreme Court reversed defendant's convictions based on a violation of his right to testify and remanded the matter to the trial court for a new trial. State v. Dauzart, 99-3471 (La.10/30/00), 769 So.2d 1206.
A second trial was held, and the jury found defendant guilty of count two, but not count one. As a result of his conviction for one count of armed robbery, the trial judge sentenced defendant to fifty years at hard labor.
Thereafter, the state subsequently filed a bill of information alleging defendant to be a third felony offender, LSA-R.S. 15:529.1. After a hearing, the judge found defendant to be a third felony offender, vacated defendant's previous sentence, and imposed an enhanced sentence of life imprisonment at hard labor without benefit of parole, probation or suspension[.]
On appeal, this Court affirmed defendant's armed robbery conviction but vacated his multiple offender adjudication and sentence. State v. Dauzart, 02-1187 (La. *1083 App. 5 Cir. 3/25/03), 844 So.2d 159. In an error patent review, we concluded that the state erroneously used defendant's 1989 conviction for attempted possession of a firearm as well as the underlying felony conviction used to support the firearm charge in finding him to be a triple felony offender. We indicated that using both convictions was prohibited as that constituted double enhancement. Accordingly, defendant's multiple offender adjudication and sentence were vacated, and the matter was remanded for further proceedings.
On June 4, 2003, the trial court resentenced defendant as a second felony offender to 100 years at hard labor. This appeal followed.
The facts were set forth in defendant's previous appeal, State v. Dauzart, 749 So.2d at 807-808, as follows:
On October 4, 1996, Hannon entered the Metro Bank brandishing a gun and demanded that the tellers hand over all the money in their drawers. A silent alarm was activated during the robbery and the police arrived immediately on the scene.
Office Oscar Munoz of the Kenner Police Department parked his unit next to a green Maxima parked in the rear of the bank. The vehicle was driven by Dauzart. As Officer Munoz surveyed the scene, Hannon exited the bank and jumped into the rear seat of the vehicle driven by Dauzart. The officer attempted to detain the suspects, but they fled the scene. At no time did the officers see a gun in view, nor did it appear that Dauzart was being threatened by Hannon.
Dauzart and Hannon were chased to the Esplanade Mall. They entered the mall and were spotted by Officer Labarriere. He gave chase to the two suspects, who split up once they entered the mall. Dauzart was apprehended by two other officers, with the assistance of Officer Labarriere. He was in possession of a backpack containing some of the money stolen from the bank. Dauzart resisted arrest and had to be physically manhandled back to the police car and secured within. Hannon was also arrested in the mall in possession of some of the money from the bank and a nine-millimeter revolver.
Two of the tellers from the bank were brought to the Esplanade Mall for identification purposes. They both affirmatively identified Hannon as the perpetrator of the robbery. Officer Munoz identified Dauzart as the driver of the vehicle.
In this appeal, defendant's counsel filed a brief in which two allegations of error are alleged. Defendant first argues that the trial court erred in failing to quash the multiple bill. Next it is argued that error patent was committed when defendant was not given a full evidentiary hearing before sentence was imposed.
A second brief was filed by different counsel in which the above allegations of error are also urged. In addition, defendant argues that the trial court erred in imposing an excessive sentence, and in failing to order a presentence investigation prior to resentencing.
In his first allegation of error, defendant argues that the trial court erred in denying his motion to quash the multiple bill. He contends that the delay in filing the multiple bill was unreasonable, as it was not filed until five years after the robbery and three years after he was originally convicted and sentenced, (later overturned by the Louisiana Supreme Court). Defendant also argues that the enhanced sentence imposed was vindictive and given to penalize him for having successfully attacked his first conviction.
*1084 The State counters that the defendant failed to file a written motion to quash the multiple bill in the trial court and therefore he is precluded from seeking review of this issue. The State further contends that this allegation is without merit and the delay in filing the multiple bill was not unreasonable and the multiple bill was not filed for a vindictive purpose.
Defendant did not file a written motion to quash, and raised the issue orally after he was adjudicated a third felony offender. A motion to quash is a procedural vehicle for challenging an indictment or a bill of information. LSA-C.Cr.P. articles 531-533. Such a motion must be in writing. State v. Branch, 00-1668 (La. App. 5 Cir. 3/28/01), 784 So.2d 43; State v. Bentel, 00-0057 (La.App. 5 Cir. 9/26/00), 769 So.2d 1247. The record in this case reflects that the state did not object to the lack of a written motion in the court below, and has raised this issue for the first time on appeal. The record further reflects that the trial judge considered the oral motion without objection by the state and then denied it. We find that the State's position that the assignment of error should not be heard is unwarranted and that defendant should be allowed to address the issue on appeal. State v. Kunzman, 31,976 (La.App. 2 Cir. 5/5/99), 741 So.2d 112.
LSA-C.Cr.P. art. 874 provides that a sentence shall be imposed without unreasonable delay. Under LSA-R.S. 15:529.1 D(1)(a), a multiple bill may be filed against a defendant who has been convicted of a felony "at any time, either after conviction or sentence." While LSA-R.S. 15:529.1 does not establish a time limit for habitual offender proceedings, the jurisprudence holds that a multiple offender bill must be filed within a reasonable time after the state learns the defendant has prior felony convictions. State v. Muhammad, 03-2991 (La.5/25/04), 875 So.2d 45, 55. This rationale is based upon a defendant's constitutional right to a speedy trial and to know the full consequences of the verdict within a reasonable time. State v. Anderson, 01-158 (La.App. 5 Cir. 5/16/01), 788 So.2d 561, 562.
Speedy trial concerns require that habitual offender proceedings also be completed in a timely manner. State v. Muhammad, 875 So.2d at 55. The Muhammad court stated, "Abusive or vindictive delays should not be tolerated. The longer the state delays filing and is responsible for postponing the completion of the habitual offender proceeding, the more likely it is that the delay will be charged against the state." Id. The Louisiana Supreme Court, overruling State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974), found that there is no bright line deadline by which a multiple offender proceeding must be completed. Muhammad, 875 So.2d at 56. Any conclusion as to what constitutes a reasonable time must be determined on a case-by-case basis. State v. Broussard, 416 So.2d 109, 110-111 (La.1982); State v. Anderson, 01-158 (La.App. 5 Cir. 5/16/01), 788 So.2d 561, 563.
The defendant bears the burden of proving prosecutorial vindictiveness. State v. Darensbourg, 06-572 (La.App. 5 Cir. 12/27/06), 948 So.2d 1128. In determining whether there has been prosecutorial vindictiveness, the court examines the state's actions in the context of the entire proceeding. Id. If, to a reasonable mind, the filing of the habitual offender bill can only be explained by a desire to deter or punish the defendant's exercise of legal rights, the events in the case will create a presumption of vindictiveness. Id.
The district attorney has the discretionary power to charge a defendant under the habitual offender law just as he has the initial unlimited power to prosecute "whom, when, and how" he chooses. *1085 State v. Dorthey, 623 So.2d 1276, 1279 (La.1993); LSA-C.Cr.P. art. 61. The district attorney's use of the habitual offender laws "provides an ancillary sentencing factor designed to serve important and legitimate societal purposes." State v. Orange, 02-711 (La.App. 1 Cir. 4/11/03), 845 So.2d 570, 578, writs denied, 03-1352 (La.5/21/04), 874 So.2d 161, and 03-2195 (La.7/2/04), 877 So.2d 137. The use of the habitual offender law alone does not create a presumption of prosecutorial vindictiveness. Id.
The following timeline is applicable to this matter:
November 11, 1996  defendant charged with three counts of armed robbery. Thereafter, the bill is amended to omit one count of armed robbery.
March 20, 1998  defendant convicted of two counts of armed robbery. At the conclusion of trial, the state gave oral notice of intent to file multiple bill.
April 3, 1998  defendant sentenced to 60 years at hard labor on each count, concurrent
October 30, 2000  convictions and sentences reversed by Supreme Court.
September 26, 2001  defendant convicted of one count of armed robbery.
October 19, 2001  the state files a multiple bill charging defendant as a third felony offender.
October 31, 2001  defendant sentenced to 50 years at hard labor.
December 18, 2001  the State files another multiple bill charging defendant as a third felony offender.
January 9, 2002  defendant resentenced as a third felony offender to life imprisonment.
March 25, 2003  multiple offender adjudication and sentence vacated by this Court.
June 4, 2003  defendant resentenced as a second felony offender to 100 years.
The trial court, in denying the motion to quash at the original sentencing on the multiple bill stated that there was no evidence of vindictiveness on the part of the state because defendant won his appeal. The trial court further opined that the delay between defendant's conviction and the appeal was not unreasonably long and that, even if the delay was unreasonable, that delay in no way prejudiced defendant. The trial judge noted that because defendant's initial conviction was reversed, any multiple bill filed against defendant would have been "out the window as was the conviction." The trial judge also noted that he was focused on the short time period between defendant's most recent conviction and the filing of the multiple bill.
In a similar case, State v. Carter, 32,733 (La.App. 2 Cir. 10/27/99), 746 So.2d 711, 713, writ denied, XXXX-XXXX (La.5/5/00), 761 So.2d 542, defendant was convicted in October 1996 and was sentenced in December 1996. In December 1997, the appellate court vacated the sentence and remanded for resentencing. In March 1998, a multiple bill was filed. Initially, a multiple bill was not filed because the district attorney believed that a 20-year sentence was adequate; however, when the sentence was vacated and the case was remanded for resentencing, the prosecutor took the steps necessary to ensure that defendant would receive what he considered to be a proper sentence. In fact, defendant, although adjudged a multiple offender, received a lesser sentence than that initially imposed. The appellate court concluded that, under these circumstances, the delay was not unreasonable, the prosecutor's actions were not vindictive or malicious, and the delay did not prejudice defendant's ability to defend against the charge. Id.
*1086 In the instant case, we find that the delay in filing the multiple bill was not unreasonable, vindictive, or prejudicial. As in Carter, defendant's two concurrent 60-year sentences initially imposed were adequate; however, when those convictions and sentences were vacated and defendant was convicted the second time of only one count of armed robbery, the prosecutor took the steps necessary, i.e., filed a multiple bill, to ensure that defendant would receive what he considered to be a proper sentence. We also note that the first multiple bill was filed very shortly (less than four weeks) after the second conviction.
Nevertheless, our inquiry does not stop here. In brief, the defendant also argues that, as a result of the multiple bill, the enhanced sentence imposed was vindictive. Defendant was originally convicted of two counts of armed robbery and sentenced to two concurrent sixty year terms. After his successful appeal, he was convicted of one count of armed robbery and sentenced to 50 years. Now, and as a result of the multiple bill, defendant is sentenced to 100 years, an increase of 40 years from his original sentence.
Generally, if a convicted defendant is successful in having his conviction overturned on appeal, and is subsequently re-tried and convicted, the trial judge may not then impose a more severe sentence. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). A defendant may not be punished for seeking appellate redress. State v. Tremain P., 06-438 (La.App. 5 Cir. 1/16/07) 956 So.2d 1. If a judge imposes a more severe sentence on a defendant when he is convicted following a successful appeal, the trial judge's reasons for the increased sentence must affirmatively appear in the record. Otherwise, there is a presumption of vindictiveness. The purpose behind this rule is to prevent defendants from being penalized for having exercised their constitutional rights. State v. Fletcher, 845 So.2d 1213.
However, the presumption of vindictiveness is inapplicable where different judges have imposed the different sentences against the defendant, because a sentence "increase" cannot truly be said to have taken place. State v. Rodriguez, 550 So.2d 837, citing Texas v. McCullough, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104. Where the presumption does not apply, the defendant may still be entitled to relief, but he must affirmatively prove actual vindictiveness. Wasman v. U.S., 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424, State v. Rodriguez, supra.
In this case, the judge who presided over defendant's first trial, and imposed sentence pursuant to that conviction was not the same judge who presided over the retrial and the multiple bill hearing. Accordingly, defendant is not entitled to the presumption of vindictiveness, but bore the burden of affirmatively showing same. In brief filed by the Appellate Project, defendant argues that trial court's failure to articulate why the sentence was increased is sufficient to show vindictiveness. Just the fact that the sentence was increased is not sufficient, since defendant's harsher sentence is as a result of his conviction as a multiple offender. State v. Conrad, 94-232 (La.App. 5 Cir. 11/16/94), 646 So.2d 1062.
For the foregoing reasons, we find that the trial court did not err in denying the motion to quash the multiple bill as there is no evidence that the delay in filing the multiple bill was unreasonable, prejudicial, or vindictive. Furthermore, the defendant failed to bear his burden of affirmatively proving vindictiveness on the part of the trial judge in resentencing.
Next, defendant argues that error patent was committed because the State was *1087 obligated to file a new multiple bill and he was entitled to a full evidentiary hearing on the new multiple bill after remand. He maintains this contention even though defense counsel agreed with the trial judge that defendant was only brought back to court for resentencing as a second felony offender, and that an evidentiary hearing was not ordered. The state responds that defendant is not entitled to relief, and further that he failed to preserve this issue for appellate review, because he agreed that the trial court should not hold a full evidentiary hearing, and because he did not object to the introduction of the prior multiple bill hearing into the record.
In defendant's prior appeal [State v. Dauzart, 02-1187 (La.App. 5 Cir. 3/25/03), 844 So.2d 159] we concluded that the state erroneously used defendant's 1989 conviction for attempted possession of a firearm as well as the underlying felony conviction used to support the firearm charge in finding him to be a triple felony offender. This Court indicated that using both convictions was prohibited as that constituted double enhancement. Thereafter, we remanded the matter.
On June 4, 2003, the trial judge conducted a hearing as mandated by this Court. At that hearing, counsel for the defendant, the district attorney and the trial judge all agreed that the defendant was present to be resentenced as a second felony offender. At that time, the state offered to file into the record the entire first hearing on the multiple bill without objection by defense counsel. After hearing arguments of defense counsel and the state regarding an appropriate sentence, the trial judge resentenced defendant as a second felony offender to 100 years at hard labor.
Defendant argues that his allegations of error in the habitual offender proceedings warrant a vacation of his sentence and a remand for imposition of sentence on his conviction. Initially we note that errors in a habitual offender proceeding are subject to harmless error review. State v. Richardson, 39,456 (La. App.2d Cir.3/2/05), 896 So.2d 257.
Defendant first alleges that the state was required to file a new multiple bill, as per our language in the prior appeal. The state contends that it orally amended the multiple bill to cure the double enhancement defect. Although the minute entry dated June 4, 2003 supports the state's contention, the transcript does not specifically so state. However, even assuming that there was no amendment to the multiple bill, such defect is harmless in this case, since the defendant was sentenced as a second (not a third) offender. While the State did not provide written amendment or file a new bill, it is clear from the proceedings below that both the state and the defense counsel were aware that defendant was being considered as a second felony offender. Compare State v. Fletcher, 01-809 (La.App. 5 Cir. 2/26/02), 811 So.2d 1010, 1014, where this Court set aside defendant's adjudication as a third felony offender, entered judgment adjudicating defendant a second felony offender, and remanded to the trial court for resentencing without the necessity of the state filing a new bill of information.
Next, defendant alleges that he was entitled to a new hearing on the multiple bill. However, defense counsel failed to lodge a contemporaneous objection when the trial judge resentenced defendant as a second felony offender without a second full evidentiary hearing. The record presently before this Court contains the prior multiple bill hearing and it reflects that at the prior hearing, defendant was advised of the allegations of the multiple bill, and the state presented testimony from their fingerprint expert, Captain Merril Buling. After hearing the testimony, considering *1088 the evidence and listening to arguments of counsel, the trial judge found sufficient proof to determine that the State had proven that defendant was the same person who had committed the prior offenses[1] . The trial judge also provided written reasons for his finding.
We do not believe that defendant was prejudiced by the lack of a new multiple bill and a new multiple bill hearing. A review of the record and the transcript of the previous multiple bill hearing shows that defendant's constitutional rights were not violated, because he was given the opportunity to and did deny the allegations of the multiple bill filed on December 18, 2001, and because a full evidentiary hearing was held on January 9, 2002 wherein defense counsel was given the opportunity to and did cross-examine the witness, review the exhibits, and present arguments. While the defendant did not specifically plead guilty to his status as a second offender, he did stipulate that the remand was for the purpose of resentencing him as a second offender, and the evidence introduced into the record supports defendant's adjudication as a second offender.
Accordingly, we find no merit to the defendant's contention that the trial court committed reversible error by failing to file a new multiple bill or to hold a full evidentiary hearing before resentencing.
Defendant next argues that his 100-year enhanced sentence is constitutionally excessive. He notes that the trial court failed to provide reasons to justify the sentence under LSA-C.Cr.P. art. 894.1. He contends that the trial court should have considered the following mitigating factors pertaining to the crime prior to sentencing: (1) defendant did not enter the bank and demand money from anyone at gunpoint as he was sitting in the car outside the bank; (2) his co-defendant entered the bank and maintained possession of the gun used in the commission of the armed robbery; (3) his co-defendant testified against him in exchange for a 50-year sentence and no multiple bill and, therefore, it is unfair that the violent person who wielded the gun got a lesser sentence; (5) defendant was unaware of the co-defendant's plan to rob the bank; (6) and the co-defendant forced defendant to drive away from the scene by threatening him with the gun.
Defendant also contends that the trial court failed to consider the following other mitigating factors pertaining to his medical condition prior to sentencing: (1) the Kenner Police Department physically abused him when they apprehended him, causing permanent hearing loss in one ear as a result of his injuries; (2) defendant could not have masterminded the robbery as the co-defendant alleged because he suffered from mental disorders; (3) defendant was a special education student in school, and he received psychiatric treatment as a child and while in prison; (4) defendant is taking a medication used to treat schizophrenia; however, defense counsel believes that defendant is autistic and not schizophrenic. Defendant concludes that *1089 an adequate sentence can only be imposed after consideration of all the above factors related to his history.
The state responds that the record supports the imposition of the sentence, despite defendant's contention that the circumstances of the crime and his alleged mental disorder warrant a lesser sentence.
Because defendant failed to file a motion to reconsider sentence, or state the specific grounds upon which the motion is based, he is limited on appeal to a review of the sentence for constitutional excessiveness. State v. Dupre, 03-256 (La.App. 5 Cir. 5/28/03), 848 So.2d 149, 153, writ denied, 03-1978 (La.5/14/04), 872 So.2d 509.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 677 (citing State v. Dorthey, 623 So.2d 1276 (La.1993)). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992).
Three factors to be considered in reviewing a sentence for excessiveness are: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentences imposed for similar crimes by the same court and other courts. State v. Tracy, 02-0227 (La.App. 5 Cir. 10/29/02), 831 So.2d 503, 516, writ denied, 02-2900 (La.4/4/03), 840 So.2d 1213. The trial judge has wide discretion in imposing sentences within statutory limits, and a sentence will not be set aside if it is supported by the record. State v. Taylor, 02-1063 (La.App. 5 Cir. 2/25/03), 841 So.2d 894, 900, writ denied, 03-0949 (La.11/7/03), 857 So.2d 516.
As a second felony offender with an underlying armed robbery conviction, defendant was exposed to a sentencing range of 49½ years to 198 years. The record shows that the trial judge imposed a 100-year enhanced sentence without providing reasons. Similar sentences for similarly situated defendants have been found to be constitutional. See State v. Hargrove, 40,427 (La.App. 2 Cir. 3/8/06), 924 So.2d 477, 478-479, writ denied, XXXX-XXXX (La.12/8/06), 943 So.2d 1059; State v. Russell, 40,526 (La.App. 2 Cir. 1/27/05), 920 So.2d 866, 870-871, writ denied, XXXX-XXXX (La.9/29/06), 937 So.2d 851; State v. Pierre, 02-838 (La.App. 5 Cir. 12/30/02), 834 So.2d 1229, 1231-1233, writ denied, XXXX-XXXX (La.10/17/03), 855 So.2d 755.
In the instant case, we find that the 100-year enhanced sentence is not constitutionally excessive, as the record supports the sentence imposed. With respect to the circumstances surrounding the crime, the record indicates that defendant purchased bullets for the weapon, that his participation was carefully planned the day prior to the bank robbery, and that defendant entered the bank the day before the robbery to review the bank's security. The record also indicates that defendant was the person who drove the car to a shopping center after the robbery, and that he and co-defendant were apprehended there, thus endangering the safety and welfare of a large number of people. Furthermore, the record does not support defendant's contention that the co-defendant forced him to participate in the robbery.
Defendant also argues that he is being treated unfairly because his co-defendant received a sentence of 50 years whereas he has received an enhanced sentence of 100 years. Defendant made a similar argument *1090 in his first appeal after he received two concurrent 60-year sentences; however, this Court found that defendant's argument was without merit, stating that the trial judge must exercise his sentencing discretion to impose sentences graduated according to the individualized circumstances of the offense and the offender. State v. Dauzart, 99-730 (La.App. 5 Cir. 11/30/99), 749 So.2d 806, 812.
With respect to defendant's medical history, there is no evidence in the record to support defendant's assertion that he has a mental illness, or that he could not have planned the robbery due to a mental illness. Although defendant makes allegations regarding his medical history in his brief, this Court has no authority to receive or review evidence not contained in the trial court record. State v. Theriot, 00-870 (La.App. 5 Cir. 1/30/01), 782 So.2d 1078, 1087.
Finally, we note that defendant's 100-year enhanced sentence was approximately half the maximum sentence that could have been imposed (LSA-R.S.15:529.1 A(1)(a); LSA-R.S. 14:64). We find defendant's allegation that the sentence imposed is excessive to be without merit.
Defendant argues that, in the event this Court remands for resentencing, he is entitled to a presentence investigation (PSI) prior to resentencing, and he requests that this Court instruct the trial court to order one. However, because we affirm the conviction and sentence, this issue is moot.
We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). The review reveals two errors patent.
First, the trial court failed to properly inform defendant of the prescriptive period for filing post-conviction relief pursuant. LSA-C.Cr.P. art. 930.8. states that a defendant has two years after the judgment of conviction and sentence becomes final to file for post-conviction relief. Here the trial judge stated that the defendant would have "two years to file for post conviction relief." This Court has held that the failure to advise a defendant that the prescriptive period runs from the time his conviction and sentence becomes final renders that advisal incomplete. State v. Roche, 05-237 (La.App. 5 Cir. 4/25/06), 928 So.2d 761. Accordingly, we remand this matter with instructions for the trial court to inform the defendant of the correct prescriptive period for filing for post-conviction relief by sending appropriate written notice to the defendant after the rendition of this Court's opinion and filing written proof that the defendant received the notice in the record. State v. Roche, supra.
Second, the trial judge did not impose the enhanced sentence without benefit of parole, probation, or suspension of sentence as mandated by LSA-R.S. 15:529.1 G and R.S. 14:64 B, the underlying statute. No corrective action is necessary, because the sentence is deemed to contain that restriction under the provisions of LSA-R.S. 15:301.1.
For the above discussed reasons, the defendant's adjudication as a second offender and his enhanced sentence are affirmed. We remand the case to the district court with instructions for the trial court to correctly inform the defendant of the prescriptive period for seeking post-conviction relief.
AFFIRMED AND REMANDED.
DALEY, J., Concurs:
I write separately to express my concern over the increase in Mr. Dauzart's sentencing. He originally was sentenced to 60 years based on his conviction for two *1091 counts of armed robbery and is now sentenced to 100 years at hard labor for a conviction on one count of armed robbery. Appellant argues that had the defendant not appealed his original conviction he would have served only a 60 year sentence because the District Attorney did not pursue enhancement after the first conviction and he is now facing a 100 year sentence, which he contends is fundamentaly unfair.
In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) the United States Supreme Court held that the Due Process Clause of the 14th Amendment prevented an increase sentence following a retrial if the increase in the sentence was motivated by vindictiveness against the defendant, because the fear of such retaliation would have a chilling effect on the defendant's exercise of his appellate rights. This rule of law has been cited and followed in State v. Rutledge, 259 La. 543, 250 So.2d 734 (1971) and State v. Howard, 02-2435 (La.App. 4 Cir 3/19/03), 843 So.2d 439. In this case the standard set forth in North Carolina v. Pearce, supra was not technically violated because the filing of a habitual offender bill and enhancement pursuant to habitual offender proceedings created a basis for enhancement other than vindictiveness against defendant's appellate rights. I suggest and recommend that the legislature consider establishing prescriptive limits for the filing of a habitual offender bill. Such limits, assuming they are reasonable, would eliminate any appearance of vindictiveness against a defendant if and when a defendant's case is retried.
NOTES
[1] The trial court admitted the following exhibits into evidence without objection by the defense: State's Exhibit 1 which consisted of a bill of information, minute entry, guilty plea form, and arrest register pertaining to defendant's conviction for second offense possession of marijuana in case number 323-665 of the Criminal District Court in Orleans Parish; State's Exhibit 2 which consisted of a bill of information, guilty plea form, minute entry, docket master, and screening action forms pertaining to defendant's conviction for attempted possession of a firearm by a convicted felon in case number 335-320 of the Criminal District Court in Orleans Parish; State's Exhibit 3, an arrest register; and State's Exhibits 4 and 5, defendant's fingerprint cards taken the day of the hearing. (02-KA-1187, pp. 525-526).