983 So.2d 112 (2008)
STATE of Louisiana
v.
Nicholas ALEXANDER.
No. 07-KA-909.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Thomas J. Butler, Ken J. Dohre, Trial Counsel, Shannon Swain, Trial Counsel, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Defendant, Nicholas Alexander, appeals his habitual offender sentence as a fourth felony offender. We vacate the habitual offender finding and sentence and remand to the district court for further proceedings and correction of the minute entry.
The Defendant was convicted by a jury of attempted looting after a declared state of emergency, in violation of La.R.S 14:62.5(C) and La.R.S. 14:27.[1] He was sentenced to seven and one-half years imprisonment at hard labor. The State subsequently *113 filed a habitual offender bill of information, alleging the Defendant was a fourth felony offender. On November 2, 2006, the Defendant signed a waiver of rights form and stipulated to the bill of information. The trial judge then vacated the original sentence and sentenced the Defendant to 20 years imprisonment at hard labor, without the benefit of probation or suspension of sentence.
On appeal, the Defendant contends that the trial judge erred in sentencing him as a fourth felony offender.
The Defendant asserts he received an illegally excessive sentence, because the habitual offender bill of information was based on a misapprehension of the law. The Defendant argues the bill to which he stipulated includes two predicate convictions that were obtained on the same day. Since those were obtained prior to October 19, 2004, in light of the 2005 amendment to La.R.S. 15:529.1(B), the convictions should have been counted as one.
The State responds that the Defendant is precluded from challenging his habitual offender sentence because he failed to object and/or because he stipulated to the bill of information, thus waiving all non-jurisdictional defects. The State concedes that the 2005 amendment to La.R.S. 15:529.1(B) applies and requests that it be entitled to re-file a second multiple offender bill of information charging Defendant as a third felony offender in the event this Court addresses the Defendant's argument. We agree that this would be an appropriate course.
This issue is reviewable as a patent error because the error is obvious from the face of the habitual offender bill. Thus, it is properly before the Court.
On May 26, 1999, the Defendant pleaded guilty to possession of cocaine and distribution of cocaine. (Case Nos. 99-1432 and 99-1433). Thus, the convictions were obtained on the same date.
La.R.S. 15:529.1(B) was amended by 2005 La. Acts No. 218, § 1 to provide that "[m]ultiple convictions obtained on the same day prior to October 19, 2004, shall be counted as one conviction for the purpose of this Section." The effective date of this amendment was August 15, 2005.
The applicable habitual offender provisions are those in effect on the date the Defendant committed the underlying offense. State v. Parker, 03-0924, pp. 16-17 (La.4/14/04), 871 So.2d 317, 326-27. Here, the Defendant committed the underlying offense of attempted looting on August 31, 2005. Since the date of the underlying offense was after the effective date of the amendment, it is applicable to the present case.
The Louisiana Supreme Court and this Court have recognized that the principles of double jeopardy do not apply to sentence enhancement proceedings, and a defendant may be retried as a habitual offender. State v. Davis, 02-387, p. 12 (La. App. 5 Cir. 9/30/02), 829 So.2d 554, 561 [citing State v. Dorthey, 623 So.2d 1276, 1279 (La.1993); State v. Brooks, 01-864, pp. 14-15 (La.App. 5 Cir. 1/29/02), 807 So.2d 1090, 1103].
Accordingly, we will vacate the habitual offender enhanced sentence and remand to the district court for further proceedings.
ERROR PATENT
The record was reviewed for additional patent errors in accordance with La. C.Cr.P. art. 920. State v. Oliveaux, 312 So.2d 337, 338 (La.1975); State v. Polizzi, 05-478, p. 18 (La.App. 5 Cir. 2/14/06), 924 So.2d 303, 315.
The jury trial minute entry erroneously states the Defendant was charged with looting and found guilty as charged. *114 The Defendant was actually charged with and convicted of attempted looting after a declared state of emergency. Thus, we will remand the matter for correction of the minute entry errors.[2]
Accordingly, the habitual offender determination and sentence are vacated. The case is remanded for further proceedings. Further, the trial judge is instructed to correct the minute entry to conform to the correct charge and conviction of attempted looting after a declared state of emergency.
HABITUAL OFFENDER SENTENCE VACATED, CASE REMANDED.
NOTES
[1] The Defendant was apprehended inside a clothing store by a police patrol a few days following the devastation of Hurricane Katrina. It was stipulated that the State of Louisiana was under a state of emergency at that time, pursuant to Proclamation Number 54KBB2005. The proclamation was issued by the Louisiana Governor Kathleen Babineaux Blanco on August 26, 2005 and was extended through October 25, 2005. The Defendant does not contest his looting conviction.
[2] The Defendant's enhanced sentence was imposed without benefit of probation or suspension of sentence only. The underlying statute, La.R.S. 14:62.5(C) requires that the sentence be imposed without the benefit of parole as well. We need not act on this error, however, because the sentence is deemed to contain the restriction under La.R.S. 15:301.1. See State v. Dauzart, 07-15, p. 17 (La.App. 5 Cir. 5/15/07), 960 So.2d 1079, 1090; writ den. 07-1269 (La. 12/14/07), 970 So.2d 532.