STATE OF LOUISIANA

VERSUS

ARTHUR WILLIAMS

NO. 24-KH-11

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE FORTIETH
JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 19,136, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING

April 10, 2024

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Timothy S. Marcel

<u>**AFFIRMED**</u>
 **SJW**
 **JGG**
 **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
Honorable Bridget A. Dinvaut

COUNSEL FOR DEFENDANT/RELATOR,
ARTHUR WILLIAMS
Arthur Williams

**WINDHORST, J.**

Relator/defendant, Arthur Williams, seeks review of the trial court's December 5, 2023 ruling denying his application for post-conviction relief ("APCR").

## PROCEDURAL HISTORY

Relator was convicted of aggravated second degree battery and was subsequently adjudicated a second-felony offender. Relator was sentenced to twenty-four years imprisonment at hard labor without benefit of probation or suspension of sentence. Relator's conviction and sentence were affirmed. State v. Williams, 20-428 (La. App. 5 Cir. 04/28/21), 347 So.3d 1023, writ denied, 21-717 (La. 10/01/21), 324 So.3d 1059.

Relator filed an APCR, alleging counsel rendered ineffective assistance by failing (1) to request a sanity commission; and (2) to allow relator to testify on his own behalf. Relator also alleged a claim of vindictive prosecution based on the State filing a habitual offender bill of information after relator refused the State's plea offer. On December 5, 2023, the trial court denied relator's APCR. Relator filed the instant writ application.

## LEGAL ANALYSIS

Initially, we find relator's writ application is deficient. Relator failed to include a copy of his APCR, and any exhibits attached thereto, in violation of La. U.R.C.A., Rule 4-5 C(8).

### Claims one and two – Ineffective Assistance of Counsel

In his first claim, relator contends counsel was ineffective because counsel did not request a sanity commission despite "seeing signs that [relator] should have been evaluated."

To prove ineffective assistance of counsel, defendant must show: (1) that counsel's performance was deficient, that is, that the performance fell below an

objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Under La. C.Cr.P. art. 641, "mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense." The two-fold test of capacity to stand trial is whether the defendant: (1) understands the consequences of the proceedings; and (2) has the ability to assist in his defense by consultation with counsel. State v. Bridgewater, 00-1529 (La. 01/15/02), 823 So.2d 877, 892, cert. denied, 537 U.S. 1227, 123 S.Ct. 1266, 154 L.Ed.2d 1089 (2003).

In support of his claim, relator refers to the possibility of post-traumatic stress disorder resulting from his prior incarceration for twenty years, his prior treatment for depression, and the stress of the instant trial as evidence of his mental incapacity. Relator also contends the trial court failed to consider the victim's affidavit in which she believed relator needed "mental help."

Relator did not include any medical records or the victim's affidavit in this writ application to support his conclusory assertions. La. C.Cr.P. art. 930.2. Additionally, relator did not point to any specific instances of his alleged mental incapacity either before or during trial.

On the showing made, relator failed to establish counsel was ineffective because counsel did not raise the issue of relator's competency. See State v. Williams, 613 So.2d 252, 256-57 (La. 1992). Therefore, we find no error in the trial court's ruling.

In his second claim, relator contends his attorney prevented him from testifying.

A defendant in a criminal case has the right to take the witness stand and to testify in his own defense. Rock v. Arkansas, 483 U.S. 44, 49, 107 S.Ct. 2704, 2708,

97 L.Ed.2d 37 (1987); State v. Dauzart, 99-3471 (La. 10/30/00), 769 So.2d 1206, 1207 (*per curiam*). In State v. Hampton, 00-522, (La. 03/22/02), 818 So.2d 720, 729-30, the Louisiana Supreme Court, quoting Passos-Paternina v. United States, 12 F. Supp. 2d 231, 239-40 (D.P.R. 1998) (internal citations omitted), established the following guidelines to be utilized by the courts in determining whether a criminal defendant's right to testify has been violated or waived by his silence during trial:

> (1) absent extraordinary circumstances that should alert the trial court to a conflict between attorney and client, the court should not inquire into a criminal defendant's right to testify. The court should assume, that a criminal defendant, by not 'attempting to take the stand,' has knowingly and voluntarily waived his right;
>
> (2) the court must consider whether the petitioner has waived his right to testify.... [The defendant can only] rebut that presumption ... by showing that his attorney caused him to forego his right to testify [(a) by alleging specific facts, including an affidavit by the defendant's trial counsel] from which the court could reasonably find that trial counsel 'told [the defendant] that he was legally forbidden to testify or in some similar way compelled him to remain silent ...' [(b) by demonstrating from the record] that those 'specific factual allegations would be credible[.]'

In this writ application, relator only provided general allegations his attorney prevented him from testifying. Relator did not provide any evidence or documentation that would show there were extraordinary circumstances that should have alerted the trial court to a conflict between counsel and relator regarding his right to testify. Relator also did not allege specific facts that he was legally forbidden to testify or which compelled him to remain silent to rebut the presumption that he waived his right to testify. La. C.Cr.P. art. 930.2; Hampton, *supra*. Accordingly, on the showing made, we find no error in the trial court's ruling.

**Claim three – Vindictive Prosecution**

In his third claim, relator contends the State's decision to file an habitual offender bill of information against him was based on his refusal of the State's plea offer. Relator also avers the victim requested the State to drop the charges against him, but the State denied this request without any reason.

A vindictive prosecution is one in which the prosecutor seeks to punish the defendant for exercising a protected statutory or constitutional right and thereby violates a defendant's Fifth Amendment right to due process. United States v. Goodwin, 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). The defendant bears the burden of proving prosecutorial vindictiveness. State v. Dauzart, 07-15 (La. App. 5 Cir. 5/15/07), 960 So.2d 1079, 1084, writ denied, 07-1269 (La. 12/14/07), 970 So.2d 532. In determining whether there has been prosecutorial vindictiveness, the court examines the State's actions in the context of the entire proceeding. If, to a reasonable mind, the filing of the habitual offender bill can only be explained by a desire to deter or punish the defendant's exercise of legal rights, the events in the case will create a presumption of vindictiveness. Id. Where the government's conduct is equally attributable to legitimate reasons, a defendant must prove actual vindictiveness because a presumption will not apply. State v. Poche, 05-1042 (La. App. 3 Cir. 03/01/06), 924 So.2d 1225, 1235. A mere opportunity for vindictiveness does not suffice. Id.

Here, the victim was relator's girlfriend, who he beat with a metal pipe and a belt with a metal buckle and burned her with an iron. Williams, 347 So.3d at 1026. At trial, the victim admitted she initially requested that the State drop the charges against relator; however, she changed her mind because she did not want this "to happen to [her] again." At defendant's sentencing, the victim made the following victim impact statement:

> So whatever he get, he deserve it, and I think you should give him the max because he needs it because cause what he done to me, I would never be the same in my life again.
>
> He don't deserve leniency. He don't at all because he didn't have leniency for me when he was breaking my fingers and burning me with that iron. He didn't have any for me. So whatever you give him, your Honor, he deserve it.

Thus, relator is hard-pressed to show how the victim's initial consideration to drop the charge bolsters his claim of prosecutorial vindictiveness.

Regardless, the district attorney has discretionary power to charge a defendant under the habitual offender law. <u>State v. Dorthey</u>, 623 So.2d 1276, 1279 (La. 1993); see also La. C.Cr.P. art. 61. The district attorney's use of the habitual offender law "provides an ancillary sentencing factor designed to serve important and legitimate societal purposes." <u>Dauzart</u>, 960 So.2d at 1085. The use of the habitual offender law alone does not create a presumption of prosecutorial vindictiveness. <u>Id.</u>

In the instant case, relator had a prior conviction for armed robbery, and thus, was a second-felony offender under the habitual offender law. As the trial court pointed out, the State and relator engaged in plea negotiations but were unable to reach an agreement. Therefore, on the showing made, we find no error in the trial court's denial of this claim.

**DECREE**

Accordingly, for the reasons stated herein, relator's writ application is denied and the trial court's December 5, 2023 ruling is affirmed.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **APRIL 10, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

# 24-KH-11

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
HONORABLE BRIDGET A. DINVAUT
(RESPONDENT)

**MAILED**
ARTHUR WILLIAMS #192153 (RELATOR)
LOUISIANA STATE PENITENTIARY
ANGOLA, LA 70712